IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 0:04-872 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Sly Stallone Aikens, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for "Sentence Reduction, Release and Discharge." Dkt. # 58 (filed Dec. 10, 2009). Defendant presumably seeks to take advantage of a more favorable ratio for sentencing purposes between powder and "crack" cocaine. For the reasons below, Defendant's motion is **denied**.

Once a sentence is imposed, there are very limited circumstances in which a court may reconsider a Defendant's sentence. First, there are two opportunities contained in Federal Rule of Criminal Procedure 35 in which a Defendant's sentence might be modified or reduced. Under Rule 35(c), a court, acting within seven days after the imposition of a sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error. More than seven days have passed since the imposition of Defendant's sentence. There is also no other relevant provision which permits a court to change a sentence after sentencing, except Rule 35(b), which is inapplicable here because it must be made on motion by the Government. *See* 18 U.S.C. § 3582(c).[1]

Second, 18 U.S.C. § 3582(c) provides statutory authority for a court to reduce or modify a

---

[1] Defendant received a reduction in his sentence based upon a Rule 35(b) motion on September 22, 2006, when his sentence was reduced to 235 months' imprisonment. Dkt. # 53 (filed Sept. 22, 2006).

1

sentence which has been imposed. Section 3582(c) of Title 18 states:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Defendant's current motion does not meet the requirements of Rule 35, nor does it qualify for relief under 18 U.S.C. § 3582(c).

Additionally, Defendant was convicted of two counts of violating 18 U.S.C. § 924(c),

knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime. This statute is unaffected by any "crack" versus powder cocaine sentencing disparities.

Defendant's motion is, therefore, **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 14, 2009